UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angel Lazcano De Leon, | ) C/A No. 9:11-333-RBH-BM |
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Board of Immigration Review; Office of District Counsel In Department of Homeland Security, | ) |
| Respondent. | ) |

The petitioner, Angel Lazcano De Leon, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution Williamsburg, a facility of the Federal Bureau of Prisons (BOP) in Salters, South Carolina.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). However, this court is also charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court;" Rules 1(b) and 4, Rules Governing Section 2254 Cases in the United States District Courts; and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently



cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Petitioner is awaiting removal from the United States pursuant to an order of the Board of Immigration Appeals dated June 22, 2007. In this case, Petitioner is attacking this removal order.

In 2005, Congress passed the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231 (2005), which "streamlined the process for seeking judicial review of removal orders under the INA [Immigration and Nationality Act]." *Dragenice v. Gonzales*, 470 F.3d 183, 186 (4th Cir. 2006). The Act vested sole jurisdiction over habeas corpus petitions challenging removal orders in the U.S. Courts of Appeals. The Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5).

The statutory exception is not applicable in this case. Thus, the Act specifically deprives this federal district court of jurisdiction to consider Petitioner's § 2241 petition attacking his removal order. *Dragenice v. Gonzales*, 470 F.3d at 186.

Petitioner asserts that he is a United States citizen, which he does not further explain. Petitioner also asserts that his due process rights were violated during his removal proceedings, again without further explanation. Both of these grounds, although conclusory, are a clear and direct challenge to his removal order. Accordingly, pursuant to the REAL ID Act of 2005, this Court does



not have jurisdiction to hear these claims brought under 28 U.S.C. § 2241.  Rather, Petitioner's sole remedy, if any, is with the appropriate Court of Appeals, which is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

### RECOMMENDATION

Based on the foregoing, it is clear from the petition that this Court does not have jurisdiction over this matter, and Petitioner is therefore not entitled to relief in this District Court. *See* Rules Governing Section 2254 Cases in the United States District Courts Rule 4 (dismissal required if plainly appears from petition that petitioner is not entitled to relief).  Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by the Respondents.

**Petitioner's attention is directed to the important notice on the next page**.

_____
Bristow Marchant
United States Magistrate Judge

March 25, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).